UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE WONDERFUL COMPANY LLC, a Delaware limited liability company; and CAL PURE PRODUCE INC., a California Nonprofit Cooperative Association,<br><br>    Plaintiffs,<br><br>  vs.<br><br>NUT CRAVINGS INC., a New York corporation, and DOES 1 through 10,<br><br>    Defendants. | **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiffs The Wonderful Company LLC and Cal Pure Produce Inc., through their undersigned counsel of record, for their Complaint against the above named Defendants, Nut Cravings, Inc. and Does 1 through 10, allege as follows:

<u>**PARTIES**</u>

1.     The Wonderful Company LLC ("TWC") is the owner and licensor of the intellectual property that is the subject of this dispute.

2.     Plaintiff Cal Pure Produce Inc. ("Cal Pure") is a California nonprofit cooperative which markets and sells the WONDERFUL® brand of pistachio nuts.  Cal Pure Produce Inc. is also a licensee of the intellectual property that is the subject of this dispute. The Wonderful Company LLC and Cal Pure Produce Inc., will collectively be referred to as "Plaintiffs."

3.     Defendant Nut Cravings Inc. ("Nut Cravings" or "Defendant") is a New York corporation.

4.     Plaintiffs are not aware of the true names and capacities of the Defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said Defendants.  Plaintiffs will amend this Complaint to allege the true names and capacities of these fictitiously named

Defendants when their identities are ascertained.

5.      Plaintiffs are informed and believe, and based thereon allege, that Defendant Nut Cravings and each of the fictitiously named Doe Defendants (collectively, "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiffs as alleged hereinafter.  Plaintiffs are also informed and believe, and based thereon allege, that while participating in such acts, each Defendant was the agent, principal, and/or alter ego of the other Defendants, and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

## JURISDICTION AND VENUE

6.      This action arises, in part, under the Lanham Act, as amended; and New York common law.

7.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. Section 1331 (federal question), 15 U.S.C. Section 1051, *et seq.* (trade dress infringement under the Lanham Act), 28 U.S.C. Section 1338 (unfair competition related to trademark claims) and 28 U.S.C. Section 1367 (supplemental jurisdiction).

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' state law claims are so related to the federal trademark claims that are within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Plaintiffs are informed and believe, and based thereon allege, that Nut Cravings, with its principal place of business located at 17 Zenta Road, #301 Monroe New York 10950, engages in the packaging and distribution of "Nut Cravings" pistachio and other nut products, collectively the "Nut Cravings Product".

10.     Plaintiffs are informed and believe, and based thereon allege, that venue is proper in this District pursuant to 28 U.S.C. Sections 1391(b) and 1391(c) because a substantial part of the events and harm giving rise to the claims occurred in this District.

11.     Additionally, Plaintiffs are informed and believe, and based thereon allege, that the Court has personal jurisdiction over Defendants because Defendants conduct their ordinary business activities in this District, have focused a substantial portion of their unlawful conduct within this District, and generally engage in business in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.     The WONDERFUL® brand pistachio nuts are of superior quality and are brought to consumers using the highest quality standards.

13.     TWC has invested hundreds of millions of dollars building the WONDERFUL® brand for its high-quality pistachio and almond nut products.

14.     The combination of relevant elements for Plaintiffs' most popular product is a predominantly black package color with a bright green accent color, which makes the trade dress created by TWC inherently distinctive (the "WONDERFUL® Trade Dress"). The WONDERFUL® Trade Dress functions independently of the WONDERFUL® word trademark as a source identifier. The elements of the WONDERFUL® Trade Dress that make it inherently distinctive are the following:

    a.     the predominantly black packaging;

    b.     the use of a bright green accent color on the packaging; and

    c.     the predominantly rectangular shape of the package;

15.     Attached as Exhibit A is a true and correct copy the packaging of the WONDERFUL® Trade Dress that Plaintiffs have used in commerce in the United States. Images

of the WONDERFUL® Trade Dress are also set forth below:

 

16.     The WONDERFUL® brand pistachios have been extensively marketed in the United States.

17.     Commencing in September 2009, TWC embarked on a highly-publicized series of television commercials on major television networks such as NBC, CBS, ABC, FOX, A&E, Biography, Comedy Central, Discovery, Discovery Science, E!, Food Network, FX, HGTV, IFC, National Geographic, SYFY, TBS, TLC, TNT and ESPN for the WONDERFUL® brand of pistachios. Over the years these commercials have been shown at prime-time slots during highly popular television shows and have featured numerous well-known and varied personalities, such as talk show host Stephen Colbert, the Kardashians and former Chicago Bulls basketball star Dennis Rodman.

18.     In additional to television commercials, TWC has also advertised its products in myriad other ways including online, social media, print media, bill-boards, in-store point of sale promotions and via product placements.

4

19.     Because nuts are considered a "fast moving" consumer good and because of their wide distribution and relatively low cost, consumers are likely to make purchases of pistachio nuts quickly.  It is for this reason that TWC has spent such a considerable sum of money developing the WONDERFUL® Trade Dress and the WONDERFUL® brand.

20.     The WONDERFUL® Trade Dress is inherently distinctive. Due to TWC's exclusive and extensive use of the WONDERFUL® Trade Dress, it has acquired considerable value and has become famous to the consuming public as identifying and distinguishing TWC exclusively and uniquely as the source of products which use the WONDERFUL® Trade Dress. Thus, the WONDERFUL® Trade Dress has also acquired secondary meaning, acquired distinctiveness, and become famous.

21.     TWC, its authorized distributors, and its distributors' customers, have continuously and exclusively used the WONDERFUL® Trade Dress to distinguish themselves as the source of goods and services in connection therewith.

22.     Plaintiffs have been careful, skilful, and diligent in conducting their pistachio business and maintaining uniform standards of high quality in its goods and services.  As a result of these efforts, the WONDERFUL® brand has acquired a public acceptance and reputation, thereby creating a valuable public goodwill that inures to TWC's benefit.

23.     To date, TWC has expended hundreds of millions of dollars in the United States on the marketing, advertising, and promotion of its WONDERFUL® brand, using its WONDERFUL® Trade Dress as the centrepiece for its marketing, and making TWC one of the leaders in the nut industry.

24.     As a result of Plaintiffs' extensive marketing, sales, and promotional efforts, the WONDERFUL® brand is now one of the bestselling nut products in the United States.  Plaintiffs

have sold hundreds of millions of pounds of WONDERFUL® pistachios since the brand launched in the United States.

25.     The Nut Cravings Product has copied the following features from TWC's WONDERFUL® Trade Dress:

          a.     The Nut Cravings Product, is predominantly black, like the WONDERFUL® Trade Dress;

          b.     The Nut Cravings Product contains a bright green accent color, like the WONDERFUL® Trade Dress;

          c.     The Nut Cravings Product is predominantly rectangular in shape, like the WONDERFUL® Trade Dress.

An example of Nut Cravings' infringing packaging is attached hereto as Exhibit B, and set forth below:



26.     The Nut Cravings Product is now being sold in direct competition with the WONDERFUL® brand, including in the same trade channels.

27.     Plaintiffs are informed and believe, and based thereon allege, that Nut Cravings

uses the inherently unique and distinctive WONDERFUL® Trade Dress so as to cause a likelihood of confusion between Nut Cravings Product and Plaintiffs' product, or to cause mistake, or to deceive the relevant public that Nut Cravings' pistachios are authorized, sponsored or approved by or are affiliated with Plaintiffs and the WONDERFUL® brand. TWC is further informed and believes, and based thereon alleges, that by willfully misappropriating the distinctive and famous WONDERFUL® Trade Dress, Nut Cravings is currently causing customer confusion in the marketplace.

28.     Nut Cravings is trading off TWC's famous WONDERFUL® Trade Dress and Plaintiffs' extensive advertising and sales campaigns.

29.     Plaintiffs are informed and believe, and based thereon allege, that the Nut Cravings Product is similar to Plaintiffs' pistachio products (except, perhaps, in quality), and is being sold in overlapping trade channels to identical classes of consumers who purchase edible nuts with an identical level of sophistication and impulsivity.

30.     Plaintiffs are further informed and believe, and based thereon allege, the natural, probable and foreseeable result of Nut Cravings' intentional, willful and wrongful conduct has been to deprive Plaintiffs of business and goodwill, and to injure Plaintiffs' relationships with existing and prospective customers.

31.     Plaintiffs are further informed and believe, and based thereon allege, that Nut Cravings' infringement of the WONDERFUL® Trade Dress causes a likelihood of confusion and actual confusion with TWC's WONDERFUL® brand.

32.     Plaintiffs are further informed and believe, and based thereon allege, that they have lost and will lose revenues as a result of Nut Cravings' wrongful conduct in producing, marketing, and selling the infringing Nut Cravings Product.

33.     Plaintiffs are further informed and believe, and based thereon allege, that Nut Cravings has been unjustly enriched by the production, sale, and marketing of the infringing Nut Cravings Product.

34.     Nut Cravings has its own website; nutcravings.com, which is accessible to consumers in this District. This website is interactive, meaning consumers can purchase product directly from nutcravings.com for shipment to their home.

35.     Nut Cravings also sells its products via Amazon.com, which is also accessible to consumers in this District. Thousands of consumers have provided reviews of Nut Cravings' products on Amazon.com.

36.     Nut Cravings advertises its products on social media including on Facebook and via its Instagram account.

<u>**COUNT ONE**</u>
**TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(A)**

37.     Plaintiffs incorporate Paragraphs 1 through 36 above as though set forth fully herein.

38.     Plaintiffs have used an inherently distinctive trade dress in interstate and foreign commerce in connection with the sale and marketing of WONDERFUL® brand pistachios.  The WONDERFUL® Trade Dress contains inherently distinctive, nonfunctional features which are protected under Lanham Act Section 43(a), 15 U.S.C. Section 1125(a).

39.     The Nut Cravings Product is infringing, and Nut Cravings is falsely designating the origin of its pistachios, because it uses and infringes on the WONDERFUL® Trade Dress for Plaintiffs' pistachios.

40.     Nut Cravings' use of the WONDERFUL® Trade Dress has confused the public,

and is likely to continue to cause confusion or to cause mistake, or to deceive the consuming public into believing that Nut Cravings' pistachios are authorized, sponsored or approved by or are affiliated with TWC.

41.     These acts constitute trade dress infringement of the WONDERFUL® Trade Dress, and false designation of origin in violation of 15 U.S.C. Section 1125(a), entitling Plaintiffs to relief.

42.     Plaintiffs are, and will continue to be, irreparably harmed if Nut Cravings is not enjoined.  Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted, and Plaintiffs are therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1116.

43.     Nut Cravings has caused Plaintiffs to suffer monetary damages in an amount to be proven at trial.

44.     Plaintiffs are further entitled to recover Nut Cravings' profits attributable to the infringement.

45.     Because of the willful, malicious and wanton nature of Nut Cravings' acts, Plaintiffs are entitled to treble damages pursuant to 15 U.S.C. Section 1117.

46.     Plaintiffs are entitled to an award of their attorneys' fees pursuant to 15 U.S.C. Section 1117 because this is an exceptional case.

## <u>COUNT TWO</u>
## TRADE DRESS INFRINGEMENT PURSUANT TO 15 U.S.C. SECTION 1114(A)

47.     Plaintiffs incorporate by reference Paragraphs 1 through 46 above as though fully set forth herein.

48.     Nut Cravings' actions, described above, constitute unauthorized use in commerce of a registered mark in connection with the sale and advertising of goods and such use is likely to

cause confusion or to cause mistake or to deceive as to the origin of the goods sold by Nut Cravings.

49.     Nut Cravings' wrongful actions violate 15 U.S.C. Section 1114(a).

50.     Plaintiffs are, and will continue to be, irreparably harmed if Nut Cravings is not enjoined from its infringing acts.  Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted, and Plaintiffs are therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1116.

51.     Nut Cravings' actions have caused Plaintiffs to suffer monetary damages in an amount to be proven at trial.

52.     Plaintiffs are further entitled to an award of Nut Cravings' profits attributable to the infringement.

53.     Because of the willful, malicious and wanton nature of Nut Cravings' acts, and the history of Nut Cravings' repeated intellectual property violations, Plaintiffs are entitled to treble damages pursuant to 15 U.S.C. Section 1117.

54.     Plaintiffs are entitled to an award of its attorneys' fees pursuant to 15 U.S.C. Section 1117 because this is an exceptional case.

<u>**COUNT THREE**</u>
**FEDERAL TRADE DRESS DILUTION**

55.     Plaintiffs incorporate by reference Paragraphs 1 through 54 above as though fully set forth herein.

56.     The WONDERFUL® Trade Dress is inherently distinctive and famous.

57.     Nut Cravings' use in commerce of TWC's inherently distinctive and famous WONDERFUL® Trade Dress began after that WONDERFUL® Trade Dress became famous.

58.     Nut Cravings' conduct causes and will continue to cause dilution of the distinctive quality and value of the famous WONDERFUL® Trade Dress.

59.     Nut Cravings' conduct is the result of willful and wanton disregard of TWC's superior rights.  Nut Cravings adopted, used, and continued to use TWC's WONDERFUL® Trade Dress despite having notice of TWC's rights.

60.     Plaintiffs are, and will continue to be, irreparably harmed if Nut Cravings is not enjoined from its infringing acts.  Plaintiffs' remedy at law is not adequate to compensate it for the injuries inflicted, and Plaintiffs are therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. Section 1125(c).

61.     Nut Cravings' actions have caused Plaintiffs to suffer monetary damages in an amount to be proven at trial.

62.     Because of the willful, malicious and wanton nature of Nut Cravings' acts, Plaintiffs are entitled to treble damages pursuant to 15 U.S.C. Section 1117.

63.     Plaintiffs are entitled to an award of their attorneys' fees pursuant to 15 U.S.C. Section 1117 because this is an exceptional case.

<u>**COUNT FOUR**</u>
**COMMON LAW UNFAIR COMPETITION**

64.     Plaintiffs incorporate by reference Paragraphs 1 through 63 above as though fully set forth herein.

65.     By Nut Cravings' unauthorized use of Plaintiffs' WONDERFUL® Trade Dress, Nut Cravings is guilty of unfair competition in violation of the New York Common Law of Unfair Competition and is likely to cause confusion, mistake or to deceive the public.

66.     Nut Cravings' unlawful conduct will continue to damage Plaintiffs unless enjoined by this court. Plaintiffs have no adequate remedy at law.

67.     Due to Nut Cravings' actions alleged herein, Plaintiff is entitled to judgment awarding it preliminary and injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and punitive damages, as well as any other relief the Court deems just and equitable.

**COUNT FIVE**
**NEW YORK STATUTORY UNFAIR COMPETITION**

68.     Plaintiffs incorporate by reference Paragraphs 1 through 67 above as though fully set forth herein.

69.     Nut Cravings' unauthorized use of the WONDERFUL® Trade Dress in connection with its goods creates the likelihood of injury to Plaintiffs' business reputation and good will in direct violation of the New York General Business Law § 360-1.

70.     The activities of Nut Cravings alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiffs. Plaintiffs have no adequate remedy at law.

71.     Due to the actions of Nut Cravings alleged herein, Plaintiffs are entitled to judgment awarding them preliminary and injunctive relief as well as any other relief the Court deems just and equitable.

**COUNT SIX**
**NEW YORK STATE LAW AGAINST DECEPTIVE ACTS AND PRACTICES**

72.      Plaintiffs incorporate by reference Paragraphs 1 through 71 above as though fully set forth herein.

73.     Through Nut Cravings' unauthorized use of the WONDERFUL® Trade Dress in connection with its goods Defendant has used and employed deceptive acts or practices in direct violation of the New York General Business Law § 349.

74.     Nut Cravings' conduct, as alleged herein, is consumer-oriented conduct, in that Nut Cravings sells food products to consumers and members of the public.

75.     The activities of Nut Cravings alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiffs. Plaintiffs have no adequate remedy at law.

76.     Nut Cravings acted willfully and knowingly in its violation of New York State Law.

77.     Due to Nut Cravings' actions alleged herein, Plaintiffs are entitled to judgment awarding them preliminary and permanent injunctive relief, treble damages, attorney's fees and costs, as well as any other relief the Court deems just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     That the Court enter judgment against each Defendant that:

2.     Defendants have, by their unauthorized use of Plaintiffs trade dress, used and applied false designations of origin, diluted the distinctive quality of Plaintiff's trade dress, competed unfairly with Plaintiffs and injured Plaintiffs' good will and business reputation, in violation of Federal and State Law and has done so willfully all to the detriment of Plaintiffs.

3.     Defendants, their agents, servants, employees, successors and assigns and all persons m active concert, privity, or participation with Defendants, be preliminarily and permanently enjoined from using the WONDERFUL trade dress, or from infringing upon Plaintiffs' trade dress, from using any false designation or false description or representation, from engaging in any act or series of acts which either alone or in combination constitutes deceptive or unfair methods of competition by Defendants with Plaintiffs and from otherwise interfering with

or injuring the business reputation of Plaintiffs, or diluting the distinctive quality of Plaintiffs' trade dress or the good will associated therewith.

4.      Defendants be required to account for and pay over to Plaintiffs, Defendants' profits and any damages suffered by Plaintiffs as a result of Defendants' acts of trade dress infringement, false designation of origin, false advertising, unfair competition, and trade dress dilution, together with interest and costs.

5.      Defendants be required to pay to Plaintiffs an amount three times the profits of Defendants or damages of Plaintiffs.

6.      Defendants be required to pay an award of statutory damages to Plaintiffs.

7.      Defendants be required to cease all use of the WONDERFUL trade dress.

8.      Defendants be ordered to surrender for destruction all signs, labels, advertisements and other materials constituting infringement of Plaintiffs' trade dress.

9.      Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorneys' fees, costs and disbursements.

10.     Plaintiffs be awarded such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in connection with this action on all issues so triable.

Dated:  May 4, 2021                      Respectfully submitted,

                                         By*:  /s/ Vivek Jayaram* _____
                                              Vivek Jayaram
                                              JAYARAM LAW, INC.
                                              142 West 57th Street, 11th Floor
                                              New York, NY 10019
                                              Phone: 312.212.6876
                                              Email: vivek@jayaramlaw.com

                                              ROLL LAW GROUP PC
                                              Michael M. Vasseghi (*pro hac vice* forthcoming)
                                              11444 West Olympic Boulevard
                                              Los Angeles, California 90064-1557
                                              Telephone:    (310) 966-8400
                                              Email: michael.vasseghi@roll.com

                                              *Attorneys for Plaintiffs The Wonderful Company LLC
                                              and Cal Pure Produce Inc.*