UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE WONDERFUL COMPANY LLC,                      :
and CAL PURE PRODUCE INC.,                      :
                                                :          21-CV-3960 (MKV) (RWL)
                               Plaintiffs,      :
                                                :
                - against -                     :          **ORDER**
                                                :
NUT CRAVINGS INC.,                              :
and DOES 1 through 10,                          :
                                                :
                               Defendants.      :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the discovery issues raised by the parties in their joint letter dated September 2, 2025, at Dkt. 71, and their joint letter filed with the Court on January 30, 2026, at Dkt. 89.  In the September 2, 2025 letter, Plaintiff sought to compel discovery from Defendant, even though discovery closed on July 17, 2025.  (*See* Dkt. 69 at 1.)  On December 11, 2025, the discovery dispute was referred to me.  (Dkt. 82.)  I held a conference on December 17, 2025, and issued an order that same day directing the parties to meet and confer.  (Dkt. 88.)  The Court next heard from the parties through their January 30, 2026 letter, which sets forth the current status of the parties' discovery disputes.  Having reviewed the parties' correspondence and relevant prior filings and proceedings, the Court finds and rules as follows.

1.     By status letter to the Court filed on July 24, 2025, the parties jointly represented that fact discovery had closed on July 17, 2025. (Dkt. 69 at 1.)  The status report required the parties to indicate whether either of them believed any additional discovery needed to be completed.  (*Id.*)  The parties identified only that they agreed to hold a fact deposition on August 19, 2025, after the close of fact discovery; neither party

1

identified any discovery dispute to be resolved by the Court.  Plaintiffs did not file the parties' joint letter at Dkt. 71 – in which Plaintiffs sought to compel discovery from Defendant – until September 2, 2025, considerably after fact discovery closed.  Now, however, in objecting to Defendant's having only recently raised discovery it seeks to compel from Plaintiff, Plaintiff argues that Defendant has waived any discovery dispute not raised with the District Judge "prior to the close of fact discovery."  (Dkt 89 at 3.)  By Plaintiff's own logic, Plaintiff waived its right to raise the discovery disputes for which it seeks relief.  In any event, Plaintiff has not shown good cause for modifying the scheduling order.

2.    The Court recognizes that the deponent for the deposition deferred until August 19, 2025 – after the close of discovery – was Defendant's CEO, both individually and in a 30(b)(6) capacity, and that disputes could have arisen at that deposition that could not have been raised previously.  However, the issues identified by Plaintiff in Dkt. 71 are primarily ones that can and should have been brought to the Court's attention at an earlier time.  For instance, Plaintiff complains about Defendant's objection to producing documents and information about Defendant's nut products other than pistachios, even though Defendant provided its written responses to Plaintiff's requests on June 16, 2025.[1]  Indeed, all of the discovery Plaintiff seeks to compel consists of documents and

---

[1] That demand, in any event, is at odds with the scope of the case.  Although the Second Amended Complaint includes some references to Defendants' nut products generally, it expressly states: *"All* of [Defendant's packaging] iterations are predominantly black with a bright green accent color and a window depicting *pistachios*."  (Dkt. 33 at ¶ 34) (emphasis added); *see also* Memorandum Opinion And Order Granting Motion To Dismiss at 1 ("This case is about the packaging of pistachio nuts"); Opinion And Order Granting Motion To Dismiss Second Amended Complaint With Prejudice at 1 ("This case involves Plaintiffs' asserted trademark rights in the packaging of pistachio nuts").

interrogatory responses, not supplemental deposition testimony.  (*See* Dkt. 89 at 1-3.) That Defendant did not produce documents until the last day of fact discovery does not excuse Plaintiff's failure to seek relief before expiration of the discovery period or, at the very least request (before expiration) an extension of time from the Court to raise such issues.  But Plaintiff did not do so.  Instead, days later, it affirmatively represented to the Court that fact discovery had closed and that the only remaining discovery was one deposition.

3.      On December 17, 2025, following referral of Dkt. 71 to me, I conducted a conference and issued an order requiring the parties to meet and confer to reasonably resolve the disputes made during the expired fact discovery period, and that all such outstanding discovery was to be completed by January 30, 2026.  (Dkt. 88.)  The order further provided that the Court expected the parties to resolve their differences, but to the extent they could not, they could file a letter setting forth the disputed issues.  (*Id*.)  It is clear from the parties' correspondence, however, that the parties did not make a reasonable effort to comply with the directive to complete outstanding fact discovery by January 30, 2026.  Defendant did not serve its letter setting forth its current positions on the disputed issues and requesting to meet and confer until January 22, 2026 – more than a month after the December 17, 2025 conference.  (*See* Dkt. 89-1.)  For its part, Plaintiff appears to have ignored Defendant's request to meet and confer, instead emailing Defendant on January 27, 2026 with Plaintiff's half of a joint letter to be filed with the Court and requesting Defendant to provide its half. (*See* Dkt. 89-2)  Defendant completed the joint letter and filed it on January 30, 2026 – the deadline for completing outstanding discovery, not extending it further.  (*See* Dkt. 89 at 1.)

3

4.     For the foregoing reasons, the Court denies Plaintiff's letter motion at Dkt. 71 (to the extent not otherwise ordered at the December 17, 2025 conference).

5.     With respect to Defendant's issues with Plaintiff's discovery raised in the January 30, 2026 letter, Plaintiff is correct that the only matter referred to me at this time is the joint letter at Dkt. 71, which solely addresses discovery issues raised by Plaintiff concerning Defendant's discovery production and responses. (*See* Dkt. 82.) Accordingly, the Court denies without prejudice Defendant's request for relief in its half of Dkt. 82. Defendant should bear in mind, however, that resubmission of that request likely would be futile for the reasons discussed above in Paragraphs 1-3.

6.     To the extent not addressed above, the Court has considered the parties' arguments set forth in Dkt. 71 and 89 and finds them to be either moot or without merit.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2026
       New York, New York

Copies transmitted this date to all counsel of record.